IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT T. JOHNSON, SR.,**

        **Plaintiff,**

        v.                        CASE NO. 09-3063-SAC

**J.L. GILCHRIST,**
**et al.,**

        **Defendants.**

### O R D E R

This court entered a Memorandum and Order upon screening in this case in which it found this civil rights complaint, as twice amended, was subject to being dismissed for failure to allege facts in support of a federal constitutional violation and for failure to allege personal participation by all named defendants. Plaintiff was given time to supplement his complaint with additional facts or show cause why this action should not be dismissed. Mr. Johnson then filed a third amended complaint, which the court found failed to allege additional facts sufficient to state a claim of federal constitutional violation.

The matter is before the court upon plaintiff's Motion for Reconsideration (Doc. 13). Local rules provide that a party must seek reconsideration of a dispositive order pursuant to Fed.R.Civ.P. 59(e) or 60. D. Kan. Rule 7.3(a). The Tenth Circuit Court of Appeals discussed "self-styled" motions to reconsider as follows:

> The Federal Rules of Civil Procedure . . . do not recognize a motion to reconsider. Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). Accordingly, we construe a self-styled motion to reconsider in one of two ways. See Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995). If the motion is filed within ten days of the district court's entry of judgment, it is treated as a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. Id. If the motion is filed more than ten days after entry of judgment, it is treated as a Fed.R.Civ.P. 60(b) motion seeking relief from judgment. Id.

U.S. Gaskin, 145 F.3d 1347 (10th Cir. 1998, Table); Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 FN 3 (10th Cir. 2002). Plaintiff's motion for reconsideration was filed within 10[1] and 28 days of the final judgment entered in this matter. Accordingly, it is treated as a motion for relief from judgment under Fed.R. Civ.P. Rule 59(e).

Neither a Rule 59(e) motion nor a Rule 60(b) motion permits a losing party to rehash or restate arguments previously addressed or to present new legal theories or supporting facts that could have been included in plaintiff's earlier filings. Wilkins v. Packerware Corp., 238 F.R.D. 256, 263 (D.Kan. 2006)(citing Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996), cert. denied, 520 U.S. 1181 (1996)), aff'd, 260 Fed.Appx. 98 (10th Cir. 2008); Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Resolution Trust Corp. v. Greif, 906 F.Supp. 1446, 1456-57 (D.Kan. 1995). Relief under either rule is "extraordinary and may be granted only in exceptional

---

[1] In December, 2009, the limit of 10 days was amended to 28 days.

circumstances." Servants, 204 F.3d at 1009. The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief. Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). It has generally been held that a motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) may be granted only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Wilkins v. Packerware Corp., 238 F.R.D. 256, 263 (D.Kan. 2006)(citing see Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995), aff'd, 260 Fed.Appx. 98 (10th Cir. 2008); see also Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Upon careful review of plaintiff's post-judgment motion, the court finds Mr. Johnson does not present an intervening change in law or new evidence that was previously unavailable. Nor does he convince the court that it must alter or amend the judgment to correct clear error or prevent manifest injustice. The reasons for this court's dismissal of Mr. Johnson's complaint were explained in its Order of Dismissal (Doc. 11) and its Order requiring him to supplement his complaint with additional facts or show cause why the action should not be dismissed (Doc. 8). As grounds for his motion, Mr. Johnson merely repeats the allegations made in his complaints, complains of medical costs and costs of this action,

3

and alleges supporting facts that could have been included in plaintiff's earlier filings. Plaintiff advises that criminal charges have been filed against the inmate who attacked him and newly alleges that he was intentionally attacked as a snitch rather than by an angered unstable inmate over a remote control. He also makes additional allegations regarding the inmate that attacked him that were not included in his three complaints, which he acknowledges were always available in police reports. The court has never indicated that the assault upon plaintiff was not serious or that plaintiff provoked the attack, and plaintiff is simply incorrect that these were reasons for its decision in this case. Plaintiff argues that he should be allowed to prove the assault and battery; however, as he was previously informed tort claims such as negligence and battery are to be brought in state court and are not grounds for relief under 42 U.S.C. § 1983. Plaintiff in his motion does nothing more than reargue the merits of his claims, and advance new arguments and additional supporting facts which could have been presented in his original filings. The court concludes that Mr. Johnson has failed to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration is treated as a Motion under Fed.R.Civ.P. Rule 59(e), and is denied.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2010, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge